# Exhibit A

CSC

# Notice of Service of Process

**Transmittal Number: 35483448**
**Date Processed: 11/04/2026**

| | |
|---|---|
| **Primary Contact:** | Wes Boyd<br>Resurgent Capital Services, LP<br>55 Beattie Place<br>Ste 110<br>Greenville, SC 29601-5115 |
| **Electronic copy provided to:** | Brittany Osteen<br>Ben Longenecker<br>Wanda Boston<br>Debra Ciapi<br>Anthony Brannon |
| **Document(s) Type:** | Summons/Complaint |
| **Matter Name/ID:** | Richard Beacham Jr vs. LVNV Funding, LLC (20237364) |
| **Case Number:** | 26-08907-GC |
| **Court/Agency:** | Muskegon County District Court, MI |
| **Entity:** | LVNV Funding LLC<br>Entity ID 3235070 |
| **Entity Served:** | LVNV Funding LLC |
| **Nature of Case:** | Violation of State/Federal Act |
| **Answer or Appearance Due:** | 21 Days |
| **Service Details:** | Served on CSC in Michigan on 11/02/2026 by Personal Service |
| **Sender Information:** | Muskegon County District Court<br>Not Shown |

**Narrative Summary:**

Summons and Complaint filed in the 60th District Court for the County of Muskegon by plaintiff Richard Beacham Jr, proceeding pro se, against defendant LVNV Funding, LLC. The complaint alleges that LVNV, a debt collection agency, reported a Best Egg / Cross River Bank collection account on plaintiff's Experian consumer credit report and failed to mark the account as disputed after plaintiff contacted LVNV and disputed the balance during a September 24, 2026 telephone call with a representative named Leslie. Plaintiff asserts that LVNV's failure to communicate the dispute to consumer reporting agencies violated the Fair Debt Collection Practices Act, specifically 15 U.S.C. § 1692e(8), and caused emotional distress and damage to creditworthiness. Plaintiff seeks a judicial finding of FDCPA violation, actual and statutory damages, costs, and attorney fees.

**All service of process must be acknowledged through CSC's platform to confirm receipt.**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

**Document ID: 49754069**

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>60th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>Muskegon COUNTY | SUMMONS | CASE NUMBER<br>26-08907-GC |
|---|---|---|

**Court address**
990 Terrace Street, Muskegon, MI 49442

**Court telephone number**
(231) 724-6294

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Richard Beacham Jr<br>2226 Estes St<br>Muskegon, MI 49441<br>(231) 638-0004 | v | LVNV Funding LLC<br>c/o CSC-Lawyers Incorporating Service (Company)<br>2900 West Road, Suite 500<br>East Lansing, MI 48823<br><br>JUDGE PAULA BAKER MATHES |
| Plaintiff's attorney bar number, address, and telephone number<br>Self-Represented (Pro Se) | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ____________________ Court, where it was given case number ____________ and assigned to Judge ____________________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/29/2026 | 1/28/2027 | /s/ Benjamin Ruby |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105
SRA

FILED IN 60TH DISTRICT COURT; 10/21/2026 4:42 PM

FILED IN 60TH DISTRICT COURT; 10/21/2026 4:42 PM

**STATE OF MICHIGAN**

**IN THE 60TH DISTRICT COURT FOR THE COUNTY OF MUSKEGON**

RICHARD BEACHAM, JR.,
Plaintiff,

v.

LVNV FUNDING, LLC,
Defendant.

Case No. 26-08907-GC

Hon. ___________

## COMPLAINT

NOW COMES the Plaintiff, Richard Beacham, Jr., proceeding pro se, and for his Complaint against Defendant LVNV Funding, LLC, alleges and states as follows:

## PARTIES

1. Plaintiff is an individual residing in Muskegon County, Michigan, and is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

2. Upon information and belief, Defendant LVNV Funding, LLC ("LVNV" or "Defendant") is a debt collection agency with its principal place of business located outside of Michigan, regularly engaged in the business of collecting or attempting to collect debts owed or alleged to be owed by consumers, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

3. Defendant uses the mail, telephone, and other instrumentalities of interstate commerce in the regular course of its debt collection business.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to MCL 600.8301(1), because the amount in controversy does not exceed $25,000.00, and pursuant to 15 U.S.C. § 1692k(d), which permits an FDCPA action to be brought in any other court of competent jurisdiction.

5. This Court has personal jurisdiction over Defendant because Defendant conducts business in Michigan and engaged in the collection activities giving rise to this action that

were directed at a Michigan resident, such that the exercise of personal jurisdiction is proper under MCL 600.715.

6. Venue is proper in Muskegon County pursuant to MCL 600.1621 and 15 U.S.C. § 1692k(d), as Defendant conducts business in this state, Plaintiff resides in Muskegon County, and the events giving rise to this action occurred in Muskegon County.

**FACTUAL ALLEGATIONS**

7. On or about September 11, 2026, Plaintiff obtained a copy of Plaintiff's consumer credit report from Experian, a consumer reporting agency.

8. Upon reviewing said consumer credit report, Plaintiff discovered a collection account being reported by Defendant LVNV Funding, LLC pertaining to a debt allegedly owed to Best Egg / Cross River Bank in the amount of $48,687.00.

9. The negative account caused Plaintiff concern and confusion regarding the nature and accuracy of the reported debt.

10. On or about September 24, 2026, Plaintiff, in an effort to responsibly address the reported collection account and verify its accuracy, telephoned Defendant to obtain information about and inquire into the balance allegedly owed on said account.

11. During said telephone call, Plaintiff spoke with a representative of Defendant who identified herself as Leslie.

12. During the course of this conversation with Leslie, Plaintiff clearly, specifically, and unequivocally disputed the balance being reported and attempted to be collected by Defendant.

13. Plaintiff informed Leslie that according to Plaintiff's records, the balance was $48,125.00, which was $562.00 less than the $48,687.00 Defendant was reporting.

14. Plaintiff's communication to Leslie constituted a clear and direct dispute of the debt amount being reported to consumer reporting agencies.

15. Leslie, acting as an agent and representative of Defendant, received Plaintiff's dispute and had actual knowledge that Plaintiff disputed the debt.

16. Despite Plaintiff's clear, timely, and unequivocal dispute of the debt communicated directly to Defendant's representative, Defendant failed to take appropriate action to ensure

that consumer reporting agencies were notified that the debt was disputed by Plaintiff.

17. On or about October 19, 2026, Plaintiff obtained an updated copy of Plaintiff's consumer credit report from [Experian / one or more consumer reporting agencies].

18. Upon reviewing said updated consumer credit report, Plaintiff discovered to his dismay and distress that the Best Egg / Cross River Bank collection account being reported by Defendant was not marked, noted, or otherwise identified as "disputed," despite Plaintiff having clearly disputed the debt directly with Defendant's representative approximately twenty-five days earlier.

19. The failure to designate the account as disputed on Plaintiff's consumer credit report created a false and misleading impression that the debt was accurate, valid, and undisputed.

20. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages including but not limited to emotional distress, anxiety, mental anguish, sleeplessness, and worry regarding Plaintiff's creditworthiness, financial reputation, and ability to obtain credit, as well as damage to Plaintiff's creditworthiness and financial reputation.

## FIRST CAUSE OF ACTION
## Violation of 15 U.S.C. § 1692e(8)

21. Plaintiff incorporates by reference all preceding paragraphs 1-20 as if fully set forth herein.

22. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., was enacted by Congress to eliminate abusive debt collection practices, to ensure that debt collectors who refrain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers.

23. The FDCPA is a remedial statute that is to be construed liberally in favor of consumers in order to effectuate its purpose of protecting all consumers, including the least sophisticated consumer, from abusive, deceptive, and unfair debt collection practices.

24. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. Specifically, 15 U.S.C. § 1692e(8) expressly prohibits debt collectors from communicating or threatening to communicate to any person credit information which is

known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

26. Section 1692e(8) imposes an affirmative duty upon debt collectors to communicate to consumer reporting agencies that a debt is disputed when the debt collector has knowledge that the consumer has disputed the debt.

27. At all times relevant to this action, after September 24, 2026, when Plaintiff communicated the dispute to Defendant's representative, Defendant knew or should have known that Plaintiff had disputed the Best Egg / Cross River Bank debt.

28. Despite this actual knowledge, Defendant communicated or caused to be communicated to one or more consumer reporting agencies credit information regarding Plaintiff's alleged debt without indicating that the debt was disputed.

29. Defendant's failure to communicate that the disputed debt was disputed constitutes the communication of false, misleading, and deceptive credit information because the omission of the dispute status materially misrepresents the true status and nature of the debt.

30. The absence of a dispute notation on Plaintiff's credit report conveyed the false impression that Defendant had verified the debt as accurate and that no disagreement existed between Plaintiff and Defendant regarding the validity or amount of the debt.

31. Defendant's conduct in failing to report the disputed status of the debt to consumer reporting agencies constitutes a willful, knowing, and material violation of 15 U.S.C. § 1692e(8).

32. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered and continues to suffer actual damages, including but not limited to:

a. Emotional distress, anxiety, mental anguish, loss of sleep, and diminished quality of life;

b. Damage to Plaintiff's creditworthiness and financial reputation; and such other damages as may be proven at trial.

33. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover from Defendant: (a) any actual damages sustained by Plaintiff as a result of Defendant's violations, as proven at trial; (b) statutory damages in an amount not to exceed $1,000.00; (c) the costs of this action; and (d) reasonable fees as determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, having fully set forth the facts and legal basis for this action, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Finding and adjudging that Defendant has violated 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act;

B. Awarding Plaintiff compensatory damages for all actual damages sustained as a direct and proximate result of Defendant's violations, in an amount to be determined by the evidence presented at trial, not to exceed $25,000.00;

C. Awarding Plaintiff statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. Awarding Plaintiff the costs of this action, including court costs and filing fees, pursuant to 15 U.S.C. § 1692k(a)(3);

E. Awarding Plaintiff reasonable fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1692k(a)(3); and

F. Granting such other and further relief as this Court deems just, proper, equitable, and appropriate under the circumstances.

Pursuant to MCR 2.113(C)(2), Plaintiff states that no other civil action between these parties arising out of the transaction or occurrence alleged in this Complaint has been previously filed in this or any other court, and none is pending.

Respectfully submitted,

[signature]

Richard Beacham, Jr., Plaintiff, Pro Se
2226 Estes St
Muskegon, MI 49442
Email: RichardBeacham2010@gmail.com
Dated: 10, 20, 2026

experian.

Prepared For RICHARD BEACHAM Date generated: Sep 11, 2026

# Collection accounts

LVNV FUNDING LLC $48,687

Original creditor: BEST EGG CROSS RIVER BANK

### Account info

| | | | |
|---|---|---|---|
| Account name | LVNV FUNDING LLC | Balance | $48,687 |
| Account number | 459371XX | Balance updated | Sep 02, 2026 |
| Original creditor | BEST EGG CROSS RIVER BANK | Original balance | $48,687 |
| Company sold | - | Monthly payment | - |
| Account type | Debt Buyer | Past due amount | $48,687 |
| Date opened | Feb 19, 2026 | Terms | 1 Month |
| Status | Collection account. $48,687 past due as of Sep 2026. | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Feb 2026 | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | - | - | - | C | C | C | C | C | C | - | - | - |

C Collection - Data Unavailable

### Contact info

| | |
|---|---|
| Address | PO BOX 1269 GREENVILLE, SC 29602 |
| Phone number | (866) 464-1183 |

### Comments

-

FILED IN 60TH DISTRICT COURT; 10/21/2026 4:42 PM

experian.

Prepared For **RICHARD BEACHAM** **Date generated:** Oct 20, 2026

**LVNV FUNDING LLC** **$48,687**

Original creditor: **BEST EGG CROSS RIVER BANK**

### Account info

| | | | |
|---|---|---|---|
| Account name | LVNV FUNDING LLC | Balance | $48,687 |
| Account number | 459371XX | Balance updated | Oct 06, 2026 |
| Original creditor | BEST EGG CROSS RIVER BANK | Original balance | $48,687 |
| Company sold | - | Monthly payment | - |
| Account type | Debt Buyer | Past due amount | $48,687 |
| Date opened | Feb 19, 2026 | Terms | 1 Month |
| Status | Collection account. $48,687 past due as of Oct 2026. | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Feb 2026 | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | - | - | - | C | C | C | C | C | C | C | - | - |

C Collection - Data Unavailable

### Contact info

| | |
|---|---|
| Address | PO BOX 1269 GREENVILLE, SC 29602 |
| Phone number | (866) 464-1183 |

### Comments

-

FILED IN 60TH DISTRICT COURT; 10/21/2026 4:42 PM